## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAFAYETTE STONE,

     Plaintiff,

     v.                               No. CIV 14-0552 JH/SCY

COUNTY OF BERNALILLO,
BOARD OF BERNALILLO COUNTY
COMMISSIONERS,
JAIL ADMINISTRATORS (STATE OF N.M.
DISTRICT ATTORNEY OFFICE
KARIE BRANDENBURG,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis (IFP). The IFP motion will be granted, and for reasons set out below, Plaintiff's claims will be dismissed with leave to file amended pleadings against certain Defendants.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff filed an original complaint (Doc. 1), a nearly identical amended complaint (Doc. 4), and a document entitled "Claims at MDC" (Doc. 5).   The Court construes these documents together as the complaint.   At the time Plaintiff filed his complaint, he was in pretrial detention at the Bernalillo County Metropolitan Detention Center.   He alleges that he was never given notice of grand jury proceedings or allowed to testify.   He also alleges that he has been shackled while being transported for court proceedings, denied adequate envelopes for legal mail, deprived of funds in his account, and denied medical treatment.   In his "Claims at MDC," Plaintiff complains of being shackled during recreation time, no telephones in cells, threats on his life, guards watching pornographic movies while on duty, and denial of adequate clothing.   For relief, he asks that the time of his incarceration "be totaled together"; he also asks for "speedy release," dismissal of all charges, and damages.

No relief is available in this § 1983 action on Plaintiff's claims of irregularities in grand jury proceedings and execution of his sentence.   His requests for dismissal of charges, speedy release, and sentence modification must be pursued in habeas corpus proceedings.

> To the extent that he seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241.   *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (claims for speedier release must be brought through habeas); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (claim that federal sentence ran concurrently with state sentence should be brought under § 2241).

*Frey v. Adams County Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008).

Furthermore, to the extent that Plaintiff seeks damages for illegal incarceration allegedly

resulting from irregularities during his prosecution, his claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*, the Court held that a convicted defendant may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.   The Court notes that the rule in *Heck* can apply to pre-trial claims, *see Ippolito v. Justice Serv. Div.*, 562 F. App'x 690, 692 (10th Cir. 2014), and a ruling in favor of Plaintiff's claim of denial of a speedy or fair trial "would necessarily imply the invalidity of his conviction," *Glaser v. City and County of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014); *see also Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999).   These claims will be dismissed without prejudice.   *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Plaintiff brings his claims of unconstitutional conditions of confinement against Defendants County of Bernalillo, its Board of Commissioners, and Jail Administrators.   He makes no factual allegations, however, against the County or its Board, and the Court will dismiss claims against these Defendants under the rules governing municipal liability in § 1983 cases. "[F]or § 1983 liability against [a] county, plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was [the] moving force." *Martinez v. Montrose Sheriff's Dep't*, 12 F. App'x 837, 838 (10th Cir. 2001) (citing *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)).   Plaintiff also fails to identify the Jail Administrators that he intends to sue.   "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted); *and cf. United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe

3

[Plaintiff's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").   Plaintiff will be allowed to identify the individuals who allegedly violated his rights during detention.   Failure to comply with this Order may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 6, 7) are GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims regarding his prosecution are DISMISSED without prejudice to his right to pursue relief under the habeas corpus statutes;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Jail Administrators are DISMISSED; and, within fourteen (14) days from entry of this Order, Plaintiff may file an amended pleading with factual allegations against the individuals who violated his rights during his detention;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants County of Bernalillo, Board of Bernalillo County Commissioners, and Brandenburg are DISMISSED; and Defendants County of Bernalillo, Board of Bernalillo County Commissioners, and Brandenburg are DISMISSED as parties to this action.

_____
UNITED STATES DISTRICT JUDGE